IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KOSHAUN MACK, | § | |
| | § | |
| Defendant Below, | § | No. 236, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1809014735 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 4, 2019
Decided: December 30, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) In September 2018, police responded to a shots-fired report and found Mack on the roof of a home. Mack initially was screaming incoherently; after a moment, he indicated that he had a gun, and then entered the home through a window. Officers apprehended Mack as he attempted to leave the home; they then searched the home and found PCP, drug paraphernalia, a handgun, and ammunition. In November 2018, the appellant, Koshaun Mack, was indicted on various drug- and weapon-related charges. On May 1, 2019, after completion of forensic testing on

some of the substances, Mack was charged by information with an additional drug charge. On May 7, 2019, Mack pleaded guilty to Aggravated Possession of PCP in a Tier 1 amount and Possession of Ammunition by a Person Prohibited ("PABPP"). In exchange for Mack's guilty plea, the State dismissed the other charges.

(2) The Superior Court sentenced Mack as follows: for Aggravated Possession, to eight years' imprisonment, with inpatient drug treatment, suspended after four years and 258 days for two years at Level IV DOC discretion, suspended after six months at Level IV for eighteen months of Level III probation; for PABPP, to eight years' imprisonment, suspended for one year at Level III probation. The sentence was consistent with the sentencing recommendation made in connection with the guilty plea. This is Mack's direct appeal.

(3) Mack's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Mack's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In her statement filed under Rule 26(c), counsel indicates that she informed Mack of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Mack of his right to supplement counsel's presentation. Mack responded with points he wanted to present for the Court's consideration, which counsel included with the Rule 26(c) brief. The State

2

has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5) Mack argues that the State failed to provide him with *Brady*[3] material, including a lab report indicating that the weight of the drugs was less than five grams; information that could be used to impeach the officer who prepared the affidavit of probable cause in support of a search warrant for the property where Mack was found; and a written confession from an occupant of the property, who said that she owned the gun and ammunition and had fired the gun on the day of the incident, as well as a receipt for her purchase of those items.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.
[3] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

(6)     It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions.[4]  In this case, the record supports the conclusion that Mack knowingly, intelligently, and voluntarily pleaded guilty with a full understanding of the rights he was waiving.  The Superior Court judge engaged in a colloquy with Mack in open court.  Under oath, Mack informed the judge that he understood the charges against him and that he was pleading guilty because he was, in fact, guilty.  He indicated that he had reviewed the guilty plea agreement and that he understood its meaning and all of the rights that he was waiving by entering a guilty plea.  Mack also told the judge that no one was forcing him to plead guilty. The judge accepted Mack's plea and sentenced him in accordance with the parties' recommendation.

(7)     Mack's knowing, intelligent, and voluntary guilty plea waived his right to raise "all errors or defects occurring before the plea, except a lack of subject matter jurisdiction,"[5] including any alleged *Brady* violations.[6]  To the extent Mack is attempting to challenge the search warrant separately from any alleged *Brady*

---

[4] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015).

[5] *Mumford v. State*, 2000 WL 431600 (Del. Apr. 6, 2000).

[6] *See Fonville v. State*, 2015 WL 5968251 (Del. Oct. 13, 2015) (holding that claims of *Brady* violations were waived by guilty plea).  *See also Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015) ("A defendant has no constitutional right to receive material impeachment evidence before deciding to plead guilty.").

4

violation, that claim was also waived by the guilty plea.[7] We have reviewed the record carefully and conclude that Mack's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Mack's counsel has made a conscientious effort to examine the record and has properly determined that Mack could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Fonville*, 2015 WL 5968251, at *2 ("Under the circumstances of this case, we find that Fonville's knowing, intelligent, and voluntary guilty plea waived his right to challenge the search warrant or the search, to challenge any alleged discovery issues or violations, or to challenge the sufficiency of the State's evidence.").